UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SUSAN ALAIMO and VINCENT ALAIMO,
Parents and Natural Guardians of
MINETTE ALAIMO, an Infant, and
SUSAN ALAIMO and VINCENT ALAIMO,

                    Plaintiffs,                              **REPORT AND**
                                                             **RECOMMENDATION**

              -against-                                      06 Civ. 13593 (SCR) (GAY)

THE BOARD OF EDUCATION OF THE
TRI-VALLEY CENTRAL SCHOOL
DISTRICT,

                    Defendant.
-----------------------------------------------------------X


TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:


        Minette Alaimo attended school in the Tri-Valley Central School District from

September 1998 through June 1998, completing grades kindergarten through ninth.

She thereafter completed her high school education elsewhere and graduated in June

2000.  Minette's date of birth is December 24, 1983; she is presently twenty-four years

old.

        Plaintiffs–Minette and her parents, Susan and Vincent–commenced the instant

*pro se* action on or about November 30, 2006, wherein they allege claims against the

Board of Education of the Tri-Valley Central School District pursuant to 42 U.S.C. §

1983, the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.*,

and New York State law.  Plaintiffs specifically allege that defendant (1) violated their

First Amendment right to freedom of religion, (2) discriminated against them because

they are Jewish, (3) failed to provide appropriate special education and other related

services and (4) negligently and intentionally caused them emotional and physical harm.

Presently before this Court is defendant's motion for summary judgment pursuant to

Rule 56 of the Federal Rules of Civil Procedure ("FRCP").  For the reasons set forth

below, I respectfully recommend that defendant's motion should be granted.

## I.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law."  FRCP 56(c).  Specifically, the party seeking summary

judgment has the burden of demonstrating that no genuine issue respecting any

material fact exists.  See LaFond v. General Physics Servs. Corp., 50 F.3d 165, 171 (2d

Cir. 1995).  If the moving party meets its burden, the burden shifts to the opposing party

to come forward with "specific facts showing that there is a genuine issue for trial."

FRCP 56(e).  Where a plaintiff fails to establish an essential element of her claim, "there

can be no genuine issue as to any material fact, since a complete failure of proof

concerning an essential element of the nonmoving party's case necessarily renders all

other facts immaterial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (internal

quotations and citations omitted).

When deciding a summary judgment motion, the court must resolve all

ambiguities and draw all factual inferences in favor of the party opposing the motion.

See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999).  The question is

whether, in light of the evidence, a rational jury could find in favor of the nonmoving

party.  See Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1224

(2d Cir. 1994).  Summary judgment must be denied, therefore, if the court finds "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).

Further, because plaintiffs are proceeding *pro se*, the Court must judge their submissions by a more lenient standard than that accorded to "formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (The Court must read a pro se party's "supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest.").  This liberal standard, however, "is not without limits, and all normal rules of pleading are not absolutely suspended."  Stinson v. Sheriff's Dep't of Sullivan County, 499 F. Supp. 259, 262 (S.D.N.Y. 1980).  In other words, plaintiffs' pro se status does not relieve them of the usual requirements of summary judgment.  See Lee v. Coughlin, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citation omitted) (a "pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment");  Kadosh v. TRW, Inc., No. 91 Civ. 5080 (PKL), 1994 WL 681763, at *5 (S.D.N.Y. Dec. 5, 1994) ("The work product of pro se litigants should be generously and liberally construed, but [the pro se's] failure to allege either specific facts or particular laws that have been violated renders his attempt to oppose defendants' motion ineffectual.").

## II.  IDEA CLAIMS

Defendant contends that plaintiffs' IDEA claims must be dismissed because plaintiffs failed to exhaust their administrative remedies.  "It is well-settled that the IDEA

requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court . . . ." <u>J.S. v. Attica Cent. Sch.</u>, 386 F.3d 107, 112 (2d Cir. 2004).  The exhaustion requirement does not apply, however, in cases where exhaustion would be futile.  <u>See</u> <u>Polera v. Board of Educ. Of Newburgh Enlarged City Sch. Dist.</u>, 288 F.3d 478, 488 (2d Cir. 2002).  The party seeking to avoid the exhaustion requirement has the burden of demonstrating futility.  <u>See</u> <u>id.</u> at 489 n.8.  Here, plaintiffs do not dispute defendant's contention regarding their failure to exhaust their IDEA claims, nor do they raise any argument related to futility.  Moreover, the record is devoid of evidence either contrary to defendant's contention or relevant to the question of futility.  Accordingly, I conclude that plaintiffs' IDEA claims must be dismissed.

## III.  PLAINTIFFS' REMAINING CLAIMS ARE TIME-BARRED

Defendant also argues that plaintiffs' § 1983 and state law claims are time-barred.   Although 42 U.S.C. § 1983 does not specify a statute of limitations, federal courts apply the analogous state period for personal injury claims.  <u>See</u> <u>Curto v. Edmundson</u>, 392 F.3d 502, 503-05 (2d Cir. 2004).  Thus, plaintiffs' § 1983 claims are subject to a three-year statute of limitations.  <u>See</u> N.Y. C.P.L.R. §214(5).  Further, under New York law, claims of negligence against a school district are governed by a one-year and ninety-day statute of limitations.  <u>See</u> N.Y. GEN. MUN. Law § 50-i.  Finally, a one-year statute of limitations applies to plaintiffs' intentional tort claims.  <u>See</u> N.Y. C.P.L.R. § 215.  Here, because the alleged acts giving rise to the instant lawsuit occurred by the end of June 1998, at the latest, and the instant lawsuit was not commenced until November 30, 2006, plaintiffs' § 1983 and state law claims are time-barred unless the statute of limitations has been tolled.

4

Construing plaintiffs' submissions broadly, they request that the applicable statutes of limitations be equitably tolled because the stress of testifying would have exacerbated Minette's medical problems. "Equitable tolling is a rare remedy to be applied in unusual circumstances." Wallace v. Kato, 127 S. Ct. 1091, 1100 (2007). In order for equitable tolling to apply, the court must conclude that plaintiffs "(1) [have] acted with reasonable diligence during the time period [they] seek to have tolled, and (2) [have] proved that the circumstances are so extraordinary that the doctrine should apply." See Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80-81 (2d Cir. 2003).

Here, apart from conclusory and vague allegations, plaintiffs offer no support for their contention that Minette's medical condition prevented them from timely pursuing their claims. The medical records submitted by plaintiffs contain three documents which generally advise that Minette should not testify in a court proceeding due to her medical condition. However, none of the three documents are notarized and the latest of the documents is dated March 7, 2003. Even assuming that Minette's condition was sufficiently impaired to justify equitable tolling until March 2003, the instant claims would still be time-barred. Accordingly, I conclude that plaintiffs' § 1983 and state law claims must be dismissed.[1]

## IV  CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend, that defendant's motion for summary judgment should be granted and plaintiffs' claims

---

[1] Assuming, *arguendo*, that the statutes of limitations were tolled during Minette's infancy (until December 24, 2001), the same result is reached.

should be dismissed in their entirety.

## V. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ.

P., the parties shall have ten (10) days from receipt of this Report to serve and file

written objections to this Report and Recommendation. If copies of this Report are

served upon the parties by mail, the parties shall have thirteen (13) days from receipt of

this Report to file and serve written objections. See Fed. R. Civ. P. 6(e). Such

objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to

the chambers of The Honorable Stephen C. Robinson at the United States District

Court, Southern District of New York, 300 Quarropas Street, White Plains, New York,

10601, and to the chambers of the undersigned at said Courthouse.


Failure to file timely objections to this Report and Recommendation will preclude

later appellate review of any order of judgment that will be entered. See Small v.

Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).


Requests for extensions of time to file objections must be made to the Honorable

Stephen C. Robinson and not to the undersigned.


Dated: January 17, 2008
      White Plains, New York

Respectfully Submitted,

_____

GEORGE A. YANTHIS, U.S.M.J.

6