UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MINETTE ALAIMO, SUSAN ALAIMO, and
VINCENT ALAIMO,

                  Plaintiffs,

      v.

THE BOARD OF EDUCATION OF THE TRI-VALLEY
CENTRAL SCHOOL DISTRICT,

                  Defendant.

06 Civ. 13593 (SCR)(GAY)

MEMORANDUM ORDER
ADOPTING REPORT AND
RECOMMENDATION

---

**STEPHEN C. ROBINSON, United States District Judge:**

In this lawsuit, Susan Alaimo, Vincent Alaimo, and their daughter, Minette (collectively, the Alaimos), claim that the Board of Education of the Tri-Valley Central School District violated numerous constitutional guarantees, actionable under 42 U.S.C. § 1983, and violated the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1401 *et seq.* and various New York state laws. These claims arise from Minette Alaimo's attendance in the Tri-Valley Central School District for several years, ending in June 1998. This case was referred to Magistrate Judge George Yanthis to issue a Report and Recommendation on the defendant's motion for summary judgment.

Magistrate Judge Yanthis issued the Report and Recommendation on January 17, 2008, advising this Court to grant summary judgment in favor of the defendant, finding that the Alaimos failed to exhaust their administrative remedies and that the claims were time-barred. As Judge Yanthis explicitly noted at the end of the Report and Recommendation, under 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(d) of the Federal Rules of Civil Procedure, the parties had a right to file written objections to the Report

–1–

and Recommendation within thirteen working days from January 17, 2008. Following extensions granted by this Court, the Alaimos filed objections to the Report and Recommendation on March 3, 2008, to which the school district responded on March 18, 2008.

## I. STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1). To accept a Report and Recommendation to which no timely, actionable objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). When specific objections are made, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "Objections to a Report and Recommendation 'are to be specific and are to address only those portions of the proposed findings to which the party objects.'" *Id.* (citing *Camardo v. General Motors Hourly-Rate Employees Pension Plan,* 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992)). However, when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error. *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (collecting cases).

## II. DISCUSSION

### a. Objections to the Report and Recommendation

Judge Yanthis found two bases upon which the school district was entitled to summary judgment: failure to exhaust administrative remedies and the applicable statute of limitations. The Alaimos have posed valid objections to Judge Yanthis' recommendations that the Complaint be dismissed, and, therefore, the Court considers both of these issues *de novo*.

#### i. Failure to Exhaust Administrative Remedies

The Alaimos contend that their failure to exhaust administrative remedies under the IDEA is excused because they were told, purportedly by school district representatives, that remedial measures were not available. *See* Response to Report and Recommendation ("Objections") (Docket Entry 25), p. 15.[1] Alternatively, the Alaimos briefly argue that any pursuit of administrative remedies would have been futile. *Id.* at 16 ("The futility of the handling of this situation was passed along from Supt. George Vanderzell, Counselor Mrs. Harries, and Principal Ken Sherman."). However, the Alaimos present no evidence of either the defendant's attempts to dissuade the Alaimos' pursuit of administrative remedies or the futility of doing so. The party seeking to avoid the exhaustion requirement has the burden of demonstrating futility. *Polera v. Board of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 489 n.8 (2d Cir. 2002). At the summary judgment stage, failure to substantiate bare allegations is fatal.

---

[1] According to the Alaimos, their impression that they had exhausted their administrative remedies "was due to being misguided, misrepresented, and fraudulently and or willingly bamboozled into believing that Supt. George Vanderzell, Counselor Mrs. Harries, and Principal Ken Sherman advising plaintiffs that they took care of everything and it as decided by the Board, to which they would not let us attend the what they referred to as 'a closed meeting' who determined plaintiff Minette's eligibility . . . ." *See* Objections, p. 15.

Consequently, the Court adopts Judge Yanthis' recommendation that the Alaimos' IDEA claim be dismissed for failure to exhaust administrative remedies.

### ii. Statute of Limitations

Objecting to Judge Yanthis' conclusion that the remaining claims are time-barred, the Alaimos argue that the statute of limitations should be tolled due to Minette's compromised capacity to testify in court.[2] When a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion, equitable tolling may apply. *See, e.g., Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003); *Brown v. Parkchester S. Condos.*, 287 F.3d 58, 60 (2d Cir. 2002); *Canales v. Sullivan*, 936 F.2d 755, 758 (2d Cir. 1991). However, as the Second Circuit has cautioned, equitable tolling "is only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising [her] rights." *Zerilli-Edelglass*, 333 F.3d at 80 (internal quotation marks and citations omitted).

The issue of whether a medical condition warrants equitable tolling of a filing deadline requires a "'highly case-specific' inquiry." *Brown*, 287 F.3d at 60. The Court considers "whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass*, 333 F.3d at 80-81 (quoting *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002)). The burden of demonstrating the propriety of equitable tolling rests with the plaintiffs. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

---

[2] The Alaimos do not challenge Judge Yanthis' conclusion that the statute of limitations—absent tolling—has run on all the claims in the Complaint.

The Alaimos direct the Court to documents that purportedly establish that Minette remained incapacitated through May 2006. *See* Opposition, p. 23. The Court has reviewed those documents and does not find that the documents support the Alaimos' contention that Minette was medically incapable of participating in this litigation as late as 2006. In one submission—an unsworn affidavit from Alan Plumer, M.D.—Dr. Plumer states, "[Minette's] condition does worsen at different times depending [on] the stress level she goes through regarding the above situation or related situation." Affidavit of Alan Plumer, M.D., Aug. 4, 2005 (Ex. 10 to Pl. Opp. to Summary Judgment). In another, Louis Rodriguez, M.D., notes, "Over time, it appeared that the flaring up of signs and symptoms indicative of these conditions was temporally associated with circumstances arising at school as well as the need to testify in court." Letter from Louis Rodriguez, M.D., July 10, 2005 (Ex. 10 to Pl. Opp. to Summary Judgment).[3] The final submission, a letter from Alicia Krivit, FNP, does not address Minette's ability to testify in court at all.

While identifying some unquestionably acute medical conditions, the doctors did not aver that Minette was incapable of testifying in court, or even that to do so would pose an unreasonable or medical hardship. Even presuming, without deciding, that the Alaimos might be entitled to equitable tolling based on Minette's medical condition, the evidence does not support the Alaimos' assertion that Minette's condition extended into the applicable limitations period. Consequently, the Court finds no basis upon which to toll the statute of limitations.

---

[3] Dr. Rodriguez's treatment of Minette ended on January 10, 2003. Therefore, the Alaimos' reliance on Dr. Rodriguez's letter as evidence that Minette was incapable of testifying at trial in 2005 is without merit.

–6–

### b. Conclusion

Having conducted a *de novo* review of Judge Yanthis' Report and Recommendation, this Court agrees with Judge Yanthis' conclusions and grants summary judgment in favor of the defendant. The Clerk of the Court is directed to close this case, terming docket entry 8.

*It is so ordered.*

Dated: White Plains, New York

_July 1_____, 2009

Stephen C. Robinson, U.S.D.J.